UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID PELHAM and GAIL PELHAM, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SHARON RUTH ALBRIGHT, in her individual and ) <br> official capacities as an attorney for the Indiana ) <br> Department of Child Services; ) <br> LINDA ROEHM, in her individual and official ) <br> capacity with Families First; ) <br> KIMBERLY D. SLAUGHTER, in her individual and ) <br> official capacity as Supervisor, with the Indiana ) <br> Department of Child Services; ) <br> COURTNEY J. HARDMAN, in her individual and ) <br> official capacity as Family Case Manager with the ) <br> Indiana Department of Child Services; ) <br> MARGARET APPLEBY, in her individual and ) <br> official capacity as Court Appointed Special ) <br> Advocate; ) <br> AMY M. CORBIN, in her individual and official ) <br> capacity as Family Case Manager with the Indiana ) <br> Department of Child Services; and ) <br> THE INDIANA DEPARTMENT OF CHILD ) <br> SERVICES; ) <br> ) <br> Defendants. ) | No. 3:11 CV 99 |

## OPINION and ORDER

I.  BACKGROUND

Plaintiffs are the grandparents of J.P., the minor child of their adult son and his wife. Plaintiffs assert that the Indiana Department of Child Services, various employees of state agencies, and a few private individuals interfered with their attempts to adopt

J.P. Accordingly, plaintiffs have sued, alleging violations of 42 U.S.C. § 1983, the Indiana state constitution, and various state tort laws.

On May 4, 2012, this court granted a motion for judgment on the pleadings for defendants Sharon Albrecht (improperly sued as Sharon Albright) and Amy Corbin with regard to plaintiffs' Section 1983 claim. (DE # 32.) Plaintiffs had alleged in their complaint that Albrecht and Corbin participated in a conspiracy to place false testimony and false evidence before a court in order to interfere with plaintiffs' efforts to adopt their grandchild. This court ruled that because their alleged conduct was intimately associated with the judicial process and involved their testimony and other steps taken to present the case for decision by the court, Albrecht and Corbin were protected by absolute judicial immunity for their alleged actions. (*Id.* at 13-14.)

In their complaint, plaintiffs allege that defendants Linda Rohm[1] and Margaret Appleby participated in the same conspiracy. In light of this, this court moved *sua sponte* for summary judgment on plaintiffs' Section 1983 claim against Rohm and Appleby, ordering plaintiffs to file a response setting forth the reasons why summary judgment on plaintiffs' Section 1983 claim also should not be granted for Rohm and Appleby on grounds of absolute judicial immunity. (DE # 33.)

Plaintiffs moved to voluntarily dismiss Appleby from this action (DE # 36), rendering the court's *sua sponte* motion moot with regard to her. With regard to Rohm,

---

[1] It appears that Linda Rohm was improperly sued in this case as Linda Roehm. The court uses the apparent correct name for purposes of this opinion.

plaintiffs filed a response to the court's motion for summary judgment (DE # 37), and Rohm filed a reply (DE # 38). Rohm also moved under FED. R. CIV. P. 56 to strike evidence submitted by plaintiffs in support of their response. (DE # 40.) All the motions are now ripe for ruling.

## II. LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In responding to a motion for summary judgment, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595 (7th Cir. 2003). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 443 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, a court

must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.,* 45 F.3d 231, 234 (7th Cir. 1995).

## III.  DISCUSSION

As the court explained in detail in its May 4, 2012, order (DE # 32), the Supreme Court has recognized that witnesses are immune from civil damages based upon their testimony. *Briscoe v. La Hue,* 460 U.S. 325, 341, 345-46 (1983). The Court has noted that "[a]bsolute immunity is . . . necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." *Butz v. Economou,* 438 U.S. 478, 512 (1978). In *Millspaugh v. County Dep't of Public Welfare of Wabash County,* the Seventh Circuit Court of Appeals further held that "social workers and like public officials are entitled to absolute immunity in child custody cases on account of testimony and other steps taken to present the case for decision by the court." 937 F.2d 1172, 1176 (7th Cir. 1991). Rohm's alleged involvement in a conspiracy to place false testimony before a court is clearly conduct covered by absolute immunity.

Plaintiffs argue that Rohm is not entitled to absolute immunity because she did more than just enter into a conspiracy to provide false testimony in court. Plaintiffs point to paragraph 31 of their complaint, in which they state that Rohm "participated in an out of court conspiracy with the named defendants to provide false testimony to a court and provide information known to be false to a court in an effort to interfere with, frustrate, hinder and deny Plaintiffs efforts to adopt their grandchild." (Compl. ¶ 31.)

4

Aside from the fact that the complaint actually appears to limit Rohm's alleged wrongdoing to entering into a conspiracy to provide false testimony in court, plaintiff overlooks the fact that the court moved for *summary judgment* on the issue of absolute immunity. Accordingly, plaintiffs' pleadings in the complaint will not suffice. Plaintiffs must put forward proof on the issue.

Plaintiffs' attempt to do this comes in two forms. First, plaintiffs submit the affidavit of plaintiff David Pelham, in which he claims that he "made efforts face to face with Families First Center staff present following the hearings in March of 2011 on my Adoption Petition to increase the time I visit my grandson" and that he has "called Families First Center staff repeatedly during the month of April 2011 to schedule a visit with my grandson but my calls were not returned." (DE # 37-1 at 2.)

This affidavit does not implicate Rohm, specifically, in any way. Further, the only conduct alleged by Families First staff, generally, is the failure to return phone calls, but in order for this conduct to support a Section 1983 claim, it must relate to the deprivation of a constitutional right. *Holmes v. Village of Hoffman Estates,* 511 F.3d 673, 683 (7th Cir. 2007). Plaintiffs possess no constitutional right to returned phone calls, and to the extent that plaintiffs' Section 1983 claim rests on a theory of grandparental rights to custody, visitation, adoption, or the like, this court already dismissed plaintiffs' lawsuit to the extent that it rested on such a theory. (DE # 32 at 9-10.) In other words, David Pelham's affidavit is not sufficient to create an issue of fact as to whether Rohm

5

engaged in any actionable conduct other than testifying or taking other steps to present the case for decision by the court.

Plaintiffs' only other evidence consists of what appears to be an excerpt from a transcript of the adoption petition proceedings, though plaintiffs included no documentation from which this can be determined. (DE # 37-1 at 4-15.) Rohm points out, and plaintiffs admit, that the transcript actually includes the testimony of Monica Rohm, not defendant Linda Rohm. (Monica Rohm is not a defendant in this case.) Plaintiffs claim that the testimony can still be considered in this case, citing FEDERAL RULE OF CIVIL PROCEDURE 32(a)(4) as support. However, RULE 32(a)(4) involves depositions of "unavailable" witnesses; the transcript is not a deposition, and no attempt has been made to demonstrate that any witness is "unavailable." Accordingly, plaintiffs argument is meritless.

Even if the submitted transcript included the testimony of Linda Rohm, the evidence would simply suggest that Rohm testified at the adoption petition proceedings in a way that plaintiffs did not like. Both the Supreme Court and the Seventh Circuit have made it very clear that absolute immunity protects Rohm from any lawsuit based on her testimony and other steps taken to present the case for decision by the court. *Briscoe,* 460 U.S. at 341; *Millspaugh,* 937 F.2d at 1176. Accordingly, plaintiffs' Section 1983 claim against Rohm must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the court's *sua sponte* motion for summary judgment (DE # 33) is **GRANTED** in favor of defendant Linda Rohm on plaintiffs' Section 1983 claim. Plaintiffs' motion to dismiss Margaret Appleby without prejudice is **GRANTED.** (DE # 36.) Rohm's motion to seal her brief in support of the court's *sua sponte* motion for summary judgment is **GRANTED** (DE # 39), and the Clerk is **ORDERED** to terminate the pending-motion status of Rohm's brief (DE # 38), as it is not a motion at all. Rohm's RULE 56 motion to strike (DE # 40) is **DENIED as moot.**

For clarity's sake, the claims remaining in this case are: (1) plaintiffs' claims for negligence, gross negligence, and violation of the Indiana constitution against the Department of Child Services, to the extent that these claims are based on plaintiffs' allegations that DCS failed to properly investigate J.P.'s living conditions, failed to properly train its employees, or set or operated under self-serving policies (*see* DE # 32 at 20-23); and (2) plaintiffs' claims against Rohm for intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, gross negligence, and violation of the Indiana constitution (*see* DE # 32 at 23 n.5).

Discovery has closed in this case; accordingly, any further dispositive motions **must be filed by April 19, 2013**. If none are filed, this case will be set for trial.

                                                  **SO ORDERED.**

Date: February 20, 2013

                                                  s/James T. Moody
                                                  JUDGE JAMES T. MOODY
                                                  UNITED STATES DISTRICT COURT