UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID PELHAM and GAIL PELHAM, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SHARON RUTH ALBRIGHT, in her individual and ) <br> official capacities as an attorney for the Indiana ) <br> Department of Child Services; ) <br> LINDA ROEHM, in her individual and official ) <br> capacity with Families First; ) <br> KIMBERLY D. SLAUGHTER, in her individual and ) <br> official capacity as Supervisor, with the Indiana ) <br> Department of Child Services; ) <br> COURTNEY J. HARDMAN, in her individual and ) <br> official capacity as Family Case Manager with the ) <br> Indiana Department of Child Services; ) <br> MARGARET APPLEBY, in her individual and ) <br> official capacity as Court Appointed Special ) <br> Advocate; ) <br> AMY M. CORBIN, in her individual and official ) <br> capacity as Family Case Manager with the Indiana ) <br> Department of Child Services; and ) <br> THE INDIANA DEPARTMENT OF CHILD ) <br> SERVICES; ) <br> ) <br> Defendants. ) | No. 3:11 CV 99 |

## OPINION and ORDER

I.     BACKGROUND

Plaintiffs are the grandparents of J.P., the minor child of their adult son and his wife. Plaintiffs assert that the Indiana Department of Child Services ("DCS"), various employees of state agencies, and a few private individuals interfered with their attempts to adopt J.P. by, amongst other things, misrepresenting facts to the state court

that ultimately declined to awarded custody of J.P. to plaintiffs. Plaintiffs sued, alleging violations of 42 U.S.C. § 1983, the Indiana state constitution, and various state tort laws.

Originally, plaintiffs sued seven different defendants. Most of the claims have been resolved by voluntary dismissal, summary judgment, or judgment on the pleadings. Only a few claims remain. Defendant Linda Roehm has now filed a motion for summary judgment on the claims remaining against her (DE # 52), which plaintiffs do not oppose (DE # 58). DCS has also moved for summary judgment on the few claims that remain against it: plaintiffs' claims for negligence, gross negligence, and violation of the Indiana constitution, to the extent that these claims are based on plaintiffs' allegations that DCS failed to properly investigate J.P.'s living conditions, failed to properly train its employees, or set or operated under self-serving policies. (DE # 55.) Plaintiffs responded to this motion (DE # 62), and DCS replied (DE # 63), making the motion ripe for ruling.

II. **LEGAL STANDARD**

FEDERAL RULE OF CIVIL PROCEDURE 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In responding to a motion for summary judgment, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327

F.3d 588, 595 (7th Cir. 2003). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 443 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.,* 45 F.3d 231, 234 (7th Cir. 1995).

## III.     DISCUSSION

### A.     *Plaintiffs' Claim Under Indiana Constitution*

DCS first argues that it is entitled to summary judgment on plaintiffs' claim under the Indiana Constitution, because the Indiana Constitution provides no private right of action for damages. DCS is correct. *Smith v. Ind. Dep't of Corr.,* 871 N.E.2d 975, 986 (Ind. Ct. App. 2007) ("Since there is no express or implied right of action for monetary damages under the Indiana Constitution, Smith cannot succeed on such a

3

claim."). Though plaintiffs cite an older case authored by the undersigned, *Discovery House, Inc. v. Consolidated City of Indianapolis,* 43 F. Supp. 2d 997, 1004 (N.D. Ind. 1999), in which this court held the opposite, that decision was written when the courts of Indiana had not yet spoken on this issue. Given the *Smith* decision by the Indiana Court of Appeals in 2007, it is clear that this court's *Discovery House* decision has been abrogated, and the Indiana Constitution provides no private right of action for damages. Therefore, DCS is entitled to summary judgment on that claim.

    B.    *Plaintiffs' Tort Claims*

DCS also seeks summary judgment on plaintiffs' tort claims of negligence and gross negligence. DCS argues that it is entitled to statutory immunity from these claims under Indiana Code § 31-25-2-2.5, which essentially provides immunity to all DCS employees for official acts. Though the statute mentions employees of DCS, and not DCS itself, the Indiana Court of Appeals recently held that because "the only way to reach the organization [DCS] is through the doctrine of respondeat superior," once employees are given immunity, "DCS as a whole effectively has immunity for those actions and omissions." *D.L. v. Huck,* 978 N.E.2d 429, 435-36 (Ind. Ct. App. 2012) *aff'd on reh'g,* 984 N.E.2d 223 (Ind. Ct. App. 2013) (finding DCS immune from liability). In a prior decision in this case, all of DCS's employees received immunity under § 31-25-2-2.5 for plaintiff's negligence and gross negligence claims.[1] (DE # 32 at 19.) Accordingly, under *Huck,* DCS is immune from liability on those claims as well.

---

[1] DCS did not receive immunity at that time because it had not moved for it.

4

Plaintiffs seek to avoid *Huck's* holding by alleging that DCS lied to, and therefore committed a fraud upon, the state court that presided over their grandson's custody proceedings, and the *Huck* court did not permit immunity to shield DCS from a fraud claim. *Huck* did hold that immunity does not prevent a claim for fraud, 978 N.E.2d at 436, but this holding does not help plaintiffs because they have no fraud claim. Under Indiana law, the essential elements of fraud are: (1) a false material representation of past or existing facts; (2) made with knowledge or reckless ignorance of the falsity; (3) which causes reliance to the detriment of the person relying on the representation. *Comfax Corp. v. N. Am. Van Lines, Inc.,* 587 N.E.2d 118, 125 (Ind. Ct. App. 1992). Plaintiffs have neither alleged nor created any genuine issue of material fact as to how *they* relied, to *their* detriment, on the misrepresentations that DCS allegedly made to the state court. Perhaps the state court relied upon DCS's alleged lies, but the state court is not a plaintiff in this case and the court has located no authority suggesting that plaintiffs may recover for a fraud perpetrated upon a court. Accordingly, plaintiffs' fraud argument fails, and DCS is entitled to immunity on plaintiffs' negligence and gross negligence claims.

IV. **CONCLUSION**

For the foregoing reasons, DCS's motion for summary judgment (DE # 55) is **GRANTED.** Plaintiffs have not contested the entry of summary judgment against them as to defendant Roehm (DE # 58), so Roehm's motion for summary judgment (DE # 52)

5

is also **GRANTED;** Roehm's motion for entry of judgment (DE # 59) is **DENIED as moot.**

Because no claims remain against any defendants in this case, the court directs the Clerk to **ENTER FINAL JUDGMENT** as follows:

> The claims of plaintiffs David Pelham and Gail Pelham against Margaret Appleby, in her individual and official capacity as Court Appointed Special Advocate, stand dismissed without prejudice. Further, judgment is entered in favor of defendants Sharon Ruth Albright, in her individual and official capacity as an attorney for the Indiana Department of Child Services; Linda Roehm, in her individual and official capacity with Families First; Kimberly D. Slaughter, in her individual and official capacity as Supervisor with the Indiana Department of Child Services; Courtney J. Hardman, in her individual and official capacity as Family Case Manager with the Indiana Department of Child Services; Amy M. Corbin, in her individual and official capacity as Family Case Manager with the Indiana Department of Child Services; and the Indiana Department of Child Services; and against plaintiffs David Pelham and Gail Pelham, who shall take nothing by way of their complaint.

                          **SO ORDERED.**

Date: January 28, 2014

                          s/James T. Moody
                          JUDGE JAMES T. MOODY
                          UNITED STATES DISTRICT COURT